UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **Dorrell Ingram,** | : | |
| Plaintiff, | : | |
| v. | : | Civil No. 05-2247 (PLF) |
| **Ridley F. Durham, Jr.,** | : | |
| Defendant. | : | |

## SECOND MOTION FOR SUBSTITUTED SERVICE

COMES NOW Plaintiff, through counsel, and respectfully moves this Court pursuant to Local Rule 7, for leave to serve defendant Durham by substituted means. In support thereof, counsel states as follows:

1. Counsel engaged the services of a private process server, Charles Johnson, to effect service on defendant Durham at the Mobile Crime Unit of MPD, located at 3521 V Street, NE, Washington, D.C. Between March 8, 2006 and March 17, 2006, Mr. Johnson made twelve (12) unsuccessful attempts to serve Officer Durham, all except the first attempted during the officer's tour of duty, midnight to 6:00 a.m. *See Motion for Substituted Service, Exhibit 1 (filed April 17, 2006)*. Because the crime lab is a secured facility, so Mr. Johnson had to rely on representations of Officer Durham's co-workers whether he was on the premises. *Id*. With leave of Court, between April 1, 2006 and April 14, 2006, Mr. Johnson made thirteen (13) unsuccessful attempts to serve defendant at his place of business. *Id. at Exhibit 2*. Mr. Johnson also attempted unsuccessfully to elicit the assistance of defendant's superiors to encourage him to accept service, but the superiors did not return any of Mr. Johnson's several messages. *Id*.

2. After the Court denied plaintiff's first motion for substituted service but granted more

-2-

time for service, plaintiff endeavored to serve defendant by several means, again unsuccessfully.

3. Between May 3 and 7, 2006, Mr. Johnson made eight (8) unsuccessful attempts to serve defendant Ridley or someone of suitable age and discretion residing with him at 7776 Picadilly Court, White Plains, MD.  *See Exhibit 1*.  Mr. Johnson varied the times of attempted service with some attempts during the morning, evenings, nights, week days and weekends.  On six (6) of the eight (8) attempts at service, someone was in the residence but refused to open the door or otherwise respond to the door bell when Mr. Johnson rang it, as evidenced by vehicles in the driveway, lights in the house, and TV or radio playing.  *Id*.

4. Significantly, Mr. Johnson confirmed that MPD officers reside at the address and actually had contact with one of them who removed the note Mr. Johnson left on the front door.  *Id. at ¶4g*.  The individual refused to accept the service documents, and Mr. Johnson had to leave the property immediately for his personal safety.  *Id*.

5. On May 6, 2006 counsel sent the service documents to defendant Ridley by certified mail, return receipt requested.  *See Exhibit 2*.  After the Postal Service made three attempts at delivering the certified mail, it was deemed "unclaimed" and returned to counsel.  *See Exhibit 4*.

6. On May 9, 2006 counsel sent the service documents to defendant Ridley with the appropriate waiver request in accordance with Fed.R.Civ.P. 4(d).  *See Exhibit 3*.  Mr. Ridley had 30 days from the mailing or until June 8, 2006 to return the waiver request form.  As of the filing of this motion, Ridley has not returned the waiver or otherwise made any contact with counsel.  Neither were the service documents returned to counsel as undeliverable.

7. Despite Plaintiff and his counsel's diligent efforts to effect service of process on

-3-

defendant Durham at his place of business, home, and through the waiver process, those efforts have been unsuccessful. The logical conclusion from these many unsuccessful efforts at service is that Officer Durham is evading service. Plaintiff is left with no recourse against Officer Durham unless this Court permits substituted service.

8.     Given Officer Durham's obvious evasion of service, Plaintiff seeks the Court's permission to serve him by leaving the service documents with a responsible official at the Mobile Crime Unit of MPD - Durham's place of employment, as well as through posting the service documents at his home and mailing them by first-class mail. This can be effected within days of a favorable ruling on this motion.

WHEREFORE, Plaintiff prays that this motion be granted in the interest of justice.

                Respectfully submitted,

                TEMPLE LAW OFFICES

By:   /s/ Jeanett P. Henry
       Jeanett P. Henry, #411052
       1229 15th Street, NW
       Washington, D.C. 20005
       (202) 628-1101
       (202) 628-1149 (fax)
       Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Dorrell Ingram,** : | |
| **Plaintiff,** : | |
| v. : | Civil No. 05-2247 (PLF) |
| **Ridley F. Durham, Jr.,** : | |
| **Defendant.** : | |

## ORDER

Upon consideration of Plaintiff's Motion for Substituted Service on Defendant Durham, and the record of the case, it is by the United States District Court for the District of Columbia this ___ day of June, 2006,

**ORDERED**, that the motion be and is hereby **GRANTED**; and it is further

**ORDERED**, that Plaintiff may effect service on defendant Durham by leaving the service documents with an official at the Mobile Crime Unit of the Metropolitan Police Department; as well as posting and first-class mail at his residence, 7776 Picadilly Court, White Plains, Maryland 20695; and it is further

**ORDERED**, that Plaintiff shall effect service within ten (10) days of entry of this Order.

_____
Paul L. Friedman
United States District Judge